Stephen Jones Attorney for Osage County Fire District No. 5 112 E. 7th, P.O. Box 250 Lyndon, Kansas 66451-0250
Dear Mr. Jones:
You request our opinion as to whether the Board of Trustees of Osage County Fire District No. 5 is authorized by a resolution passed by the Board of County Commissioners of Osage County and K.S.A. 19-3601a to impose a charge or fine on a residence or business owner for repeated false alarms of a security system. Because you do not explain what you mean by the term "charge," we are assuming for purposes of this opinion that you mean charging a fee.
You state that Osage County Fire District No. 5 was organized by the Board of County Commissioners of Osage County pursuant to K.S.A. 19-3601et seq. You indicate that the County Commission has appointed a Board of Trustees to supervise Osage County Fire District No. 5 pursuant to K.S.A. 19-3612a. The County Commission has vested the Board of Trustees of Osage County Fire District No. 5 with all the powers vested in the County Commission as the Fire District's governing body. Those powers, set forth in K.S.A. 19-3601a, do not specifically include the power to impose charges or fines for false alarms. However, in addition to the specific powers enumerated, K.S.A. 19-3601a(i) authorizes the governing body to "do all other things necessary to effectuate the purposes of this act."
You enclose a copy of a resolution of the Board of County Commissioners of Osage County relating to Osage County Fire District No. 5 that was published in the Lyndon News-Herald on August 26, 1982. The Resolution provides in pertinent part as follows:
 "Sec. 12. It shall be unlawful for any person or persons to make or sound or cause to be made or sounded or by any other means any false alarm of fire without reasonable cause.
. . . .
 "Sec. 14. Any person or persons violating any of the provisions of this Resolution or refusing or neglecting to comply with any of the requirements thereof, shall, upon conviction, be deemed guilty of a misdemeanor, and fined not less than five ($5.00) dollars nor more than ($50.00) fifty dollars."
The Resolution does not address the imposition of a charge for false alarms, but provides only for a fine upon conviction. Therefore, the Resolution does not authorize Osage County Fire District No. 5 to impose a charge for repeated false alarms. Further, the Resolution makes no reference to the Board of Trustees of Fire District No. 5. The resolution is silent as to who enforces its provisions; however, because it is a resolution passed by the Board of County Commissioners, it would be enforced as other county resolutions.[1] Therefore, it is our opinion that the Resolution does not authorize the Board of Trustees of Osage County Fire District No. 5 to impose a fine on a residence or business owner for repeated false alarms of a security system.
We next address whether K.S.A. 19-3601a provides authority for Osage County Fire District No. 5 to impose a charge or fine for false alarms of a security system. A fire district is an administrative agency created by statute. Its powers and authority are defined by authorizing statutes. Any exercise of authority by a fire district must come from within the statutes. "There is no general or common law power that can be exercised by an administrative agency."[2] Because the statutes do not specifically authorize a fire district to impose a charge or fine for false alarms, that authority would have to be implied from K.S.A.19-3601a(i) which empowers a fire district to "do all other things necessary to effectuate the purposes of this act." The purpose of a fire district is to protect lives and property from the hazards of fire.[3]
Whether an act is "necessary" depends on the context of the particular situation. Black's Law Dictionary defines "necessary" as follows:
"This word must be considered in the connection in which it is used, as it is a word susceptible of various meanings. It may import absolute physical necessity or inevitability, or it may import that which is only convenient, useful, appropriate, suitable, proper, or conducive to the end sought. It is an adjective expressing degrees, and may express mere convenience or that which is indispensable or an absolute physical necessity. It may mean something which in the accomplishment of a given object cannot be dispensed with, or it may mean something reasonably useful and proper, and of greater or lesser benefit or convenience, and its force and meaning must be determined with relation to the particular object sought."[4]
Whether assessing a charge for repeated false alarms is "necessary" for Fire District No. 5 to provide fire protection within the District, is a fact determination to be decided by the Board of Trustees of the District.
In summary, we conclude that the Resolution of the Board of County Commissioners of Osage County relating to Osage County Fire District No. 5, published in the Lyndon News-Herald on August 26, 1982, does not authorize Osage County Fire District No. 5 to impose a charge or fine on a residence or business owner for repeated false alarms of a security system. The Fire District is authorized by K.S.A. 19-3601a to impose a charge for false alarms only if such charge is necessary to carry out the purposes of K.S.A. 19-3601 et seq.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] See K.S.A. 1999 Supp. 19-101d and K.S.A. 19-4701 et seq.
[2] Legislative Coordinating Council v. Stanley, 264 Kan. 690, 706
(1998), quoting Pork Motel, Corp. v. Kansas Dept. of Health Environment, 234 Kan. 374, 378 (1983).
[3] K.S.A. 19-3602.
[4] Black's Law Dictionary 1029 (6th ed. 1990).